[Docket No. 5]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MOHAMMAD DAOUD,<br><br>        Plaintiff,<br><br>  v.<br><br>CHAD WOLF, et al.,<br><br>        Defendants. | Civil No. 20-15225 (RMB)<br><br>**OPINION** |

**APPEARANCES:**
STEVEN S. VOSBIKIAN
VOSBIKIAN & VOSBIKIAN
1060 KINGS HIGHWAY NORTH, SUITE 101
CHERRY HILL, NEW JERSEY 08034

    *On behalf of Plaintiff*

ENES HAJDARPASIC
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102

    *On behalf of Defendants*

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court on the Motion to Dismiss brought by Defendants Chad Wolf, Kenneth Cuccinelli, Ya-Mei Chen, John Thompson, William Barr, and Craig Carpentino (collectively, "Defendants"). [Docket No. 5.] For the reasons expressed below, the Court will grant Defendants' Motion.

I.  **BACKGROUND**

In his Complaint, Plaintiff Mohammad Daoud ("Plaintiff"), alleges that the United States Citizenship and Immigration Services ("USCIS") arbitrarily and capriciously denied his Form I-485 Application for Adjustment of Status because he possessed preconceived intent to remain in the United States when he entered as a nonimmigrant. [Docket No. 1, ¶ 1.] This, he claims, violates Section 245(a) of the Immigration Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment to the United States Constitution.[1] [See id., ¶ 41.] Plaintiff is seeking "judicial review of the denial of his I-485 application under the Administrative Procedures Act" by this Court. [Id., ¶ 8.]

The facts of this case show that on January 29, 2015, Plaintiff, a citizen of Jordan, entered the United States of America in New York. [Id., ¶ 23.] Plaintiff then remained in the United States without proper authorization. [Id., ¶ 25.] The Complaint does not clearly state when Plaintiff filed the Form I-485 application at issue in this case. But on September 17, 2020, USCIS interviewed Plaintiff as a part of the application process. [Id., ¶ 20.] USCIS issued a decision denying Plaintiff's

---

[1] In his Memorandum of Law in Rebuttal to Defendant's Motion to Dismiss, Plaintiff raises a new claim — a violation of the Equal Protection Clause of the Fourteenth Amendment — not addressed in his initial Complaint. [Docket No. 6, at 5.]

I-485 application on October 19, 2020. [Id., ¶ 4.]² On October 27, 2020, Plaintiff was placed in removal proceedings upon being served with a Notice to Appear before the immigration court. [Docket No. 5-1, at 6.]

Plaintiff filed his Complaint on October 29, 2020, in this Court, asserting federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and jurisdiction over actions for mandamus pursuant to 28 U.S. Code § 1361. [Docket No. 1, ¶ 18.] Specifically, Plaintiff argues that his claims arise under Section 701 et seq. of the Administrative Procedure Act. Defendants filed this Motion to Dismiss along with an accompanying Memorandum on January 18, 2021. [Docket Nos. 5, 5-1.] Plaintiff failed to file a timely response; but on February 15, 2021, Plaintiff submitted a Memorandum of Law in Rebuttal to Defendants' Motion to Dismiss. [Docket No. 6.] The Court will consider Plaintiff's Memorandum based upon agreement by the parties, as expressed in Plaintiff's

---

² Based on the Agency's findings during its interview with Plaintiff, USCIS denied Plaintiff's Form I-485 Application for Adjustment of Status in a decision dated October 19, 2020. [Docket No. 5-1, at 4.] The Agency found that Plaintiff's case "presents significant adverse factors which show that discretion should not be exercised in [Plaintiff's] favor," including Plaintiff's "decisions over time to violate the laws of the United States by working here and by violating the terms of [Plaintiff's] admission." [Id. at 4.] USCIS's decision further advised Plaintiff of his "opportunity to renew [his] application for adjustment of status and/or request any other relief that may be available in removal proceedings before the Immigration Judge." [Id. at 6.]

February 25, 2021 letter to the Court. [Docket No. 8.] Finally, on February 22, 2021, Defendants filed a reply brief. [Docket No. 7.]

## II. LEGAL STANDARD

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a

>claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 241 (citing Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus v. George, 641 F.3d 560, 563 (quoting Twombly, 550 U.S. at 570).

### III. **ANALYSIS**

Administrative law demands that "a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020) (internal quotations omitted) (citing Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997)). In immigration proceedings, "a court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Courts in the Third Circuit "interpret[] issue exhaustion as a statutory requirement" that "deprive[s courts] of jurisdiction over a given case." Lin v. Attorney General of U.S., 543 F.3d 114, 120 (3d Cir. 2008) (citing Kibinda v. Att'y Gen., 477 F.3d 113, 120 n.8 (3d Cir. 2007)).

A petitioner has "exhausted all administrative remedies," 8 U.S.C. § 1252(d)(1), once the plaintiff has raised all issues before the BIA, thereby "preserv[ing] the right of judicial review." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). "[S]o long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006) (quoting Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2006)). The Third Circuit

is clear, however, that "[i]f there remain steps that the immigrant can take to have an action reviewed within the agency, then the action is not final and judicial review is premature." Pinho v. Gonzalez, 432 F.3d 193, 200 (3d Cir. 2005). Moreover, because an immigrant "may renew his or her [I-485] application during [removal] proceedings," id., a plaintiff cannot seek judicial review of a denial of an adjustment of status application when that plaintiff is the subject of removal proceedings. See Olavides v. Napolitano, Civil Action No. 11-0547 (JAP), 2011 WL 6176216, at *3 (D.N.J. Dec. 12, 2011) (citing Pinho, 432 F.3d at 193) ("[I]t is well settled that district courts lack jurisdiction to review status adjustment and eligibility determinations if removal proceedings are simultaneously pending.").

Plaintiff argues that this Court should find it has jurisdiction over this matter because "USCIS's denial of [P]laintiff's application was arbitrary, capricious, and constitutes an abuse of power."[3] [Docket No. 6, at 2.] But that argument ignores the foundational principle of administrative law

---

[3] The Court finds no need to address the parties' discussion of whether USCIS's decision to deny Plaintiff's Form I-485 was discretionary, [Docket No. 5-1, at 13; Docket No. 6, at 3], thus stripping the District Court of jurisdiction under 8 U.S.C. § 1255. Defendant's Motion to Dismiss can be resolved solely on the issue of exhaustion of administrative remedies. However, the Court notes that both statutory law and caselaw strongly support Defendant's position that district courts lack jurisdiction over denials of applications for adjustment of status under 8 U.S.C. § 1252(a)(2)(B).

that courts may not evaluate whether an agency abused its discretion until a plaintiff has exhausted his administrative remedies. See Dohou, 948 F.3d at 628. Here, because Plaintiff is currently the subject of removal proceedings, [see Docket No. 5-1, at 6], he clearly has not exhausted his administrative remedies. Plaintiff may renew his Form I-485 application before the Immigration Judge in his removal proceedings. See 8 C.F.R. § 1245.2(a)(5)(ii) ("No appeal lies from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 CFR part 240."). If Plaintiff is dissatisfied with the Immigration Judge's opinion, then he may appeal to the BIA. See 8 C.F.R. §§ 1003.1(b)(3), 1003.3(a)(1). If Plaintiff remains dissatisfied with the BIA's decision, he may petition for review by the "appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). In sum, this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff has a clear path ahead to exhaust his administrative remedies.

## IV. **CONCLUSION**

For the reasons expressed above, the Court will grant Defendants' Motion to Dismiss. An accompanying Order shall issue.

| | |
|---|---|
| July 21, 2021 | s/Renée Marie Bumb |
| Date | RENÉE MARIE BUMB |
| | United States District Judge |